IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRANKLIN O'NEAL, CY-4598,<br>    Petitioner,<br><br>       v.<br><br>PAUL STOWITZKY, et al.,<br>    Respondents. | )<br>)<br>)<br>) Civil Action No. 07-1203<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of James Franklin O'Neal for a writ of habeas corpus be dismissed and that a certificate of appealability be denied because there is no viable constitutional issue upon which a reasonable jurist could conclude that there is a basis for appeal.

II. Report:

James Franklin O'Neal, an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

O'Neal is presently serving a three to six and five to ten year sentence imposed upon a plea of guilty to charges of statutory sexual assault, rape and incest at Criminal Nos. 1005 of 1995 and 977 of 1997 in the Court of Common Pleas of Lawrence County, Pennsylvania. This

sentence was imposed on July 15, 1998.[1] No appeal was taken.[2]

On November 4, 2005, O'Neal filed a post-conviction appeal in the Court of Common Pleas.[3] That petition based on "newly discovered evidence" was rejected by the court on April 10, 2006, after determining that the recantation testimony was not credible.[4] An appeal was taken to the Superior Court which affirmed the denial of post-conviction relief on February 12, 2007 and leave to appeal was denied by the Pennsylvania Supreme Court on July 31, 2007.[5] The instant petition was executed on August 26, 2007, and in it O'Neal contends he is entitled to relief on grounds of newly discovered evidence alleging that his daughter who was the crime victim had recanted her trial testimony.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

---

[1] See: Petition at ¶¶ 1-6.

[2] See: Petition at ¶ 8.

[3] See: Petition at ¶ 11(a)(3).

[4] See: April 10, 2006 Opinion of the Court of Common Pleas of Lawrence County filed at Cr. Nos. 1055 of 1995 and 977 of 1997.

[5] These facts are derived from the on-line docket sheets of the relevant courts.

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the judgment of sentence was entered on July 15, 1998 and no appeal was pursued. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on August 14, 1998 [6]. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until November 4, 2005, or more than seven years after he could have done so. That petition was denied as lacking in credibility. The denial of post-conviction relief was affirmed by the Superior Court and leave to appeal to the Pennsylvania Supreme Court was denied on July 31, 2007. The instant petition was executed on August 26, 2007 . Thus, the delay of in excess of seven years in initially seeking post-conviction relief far exceeds the one year period in which to seek relief here and the petition is time barred. In addition, the basis for that denial was a lack of credibility of the recanting witness. Such matters are left to the trial court and do no provide a basis for granting habeas relief. Marshall v. Lonberger, 459 U.S. 422 (1983); Weaver v. Palmateer, 455 F.3d 958 (9th Cir.2006).

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the

---

[6] Pa.R.App.P. 903.

Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred as well as being subject to dismissal on the merits.

For these reasons, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in <u>United States v. Bendolph</u>, 409 F.3d 155 (3d.Cir.2005) cert. denied 547 U.S. 1123 (2006).

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                             Respectfully submitted,

                                             s/Robert C. Mitchell,

Dated: September 5, 2007                  United States Magistrate Judge